**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **MARIA ELENA RODRIGUEZ** | § | |
| **RAMIREZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 3:20-cv-3711** |
| | § | |
| **CONTRACT FREIGHTERS, INC. and** | § | |
| **CARMELO CRUZ GARCIA,** | § | |
| **Defendants.** | | |

## INDEX OF DOCUMENTS

COMES NOW, CONTRACT FREIGHTERS, INC. (hereinafter referred to as "Defendant"), Defendant in the above-entitled and numbered civil action, and submits this its Index of Documents filed in the State Court Action, pursuant to the Federal Rules of Civil Procedure, and which are attached to Defendant's *Notice of Removal*:

| | **Document** | **Date** |
|---|---|---|
| 1. | Plaintiff's Original Petition, Jury Demand, Written Discovery, Notice of Intent to Use Documents Pursuant to Texas Rules of Civil Procedure, Rule 193.7 and plaintiff's Request for Notice by Defendant of Intent to See Admission of Criminal Convictions of Witnesses Pursuant to Texas Rules of Evidence, Rule 609(f) and Request for Temporary Restraining Order and Injunction | 12/04/2020 |
| 2. | Correspondence Letter | 12/04/2020 |
| 3. | Issue Citation to Contract Freighters, Inc. | 12/04/2020 |
| 4. | Issue Citation to Carmelo Cruz Garcia | 12/04/2020 |
| 5. | Return of Service on Contract Freighters, Inc. | 12/14/2020 |
| 6. | Original Answer of Defendant Contract Freighters, Inc. | 12/23/2020 |
| 7. | Defendant's Jury Demand | 12/23/2020 |
| 8. | Defendant's Notice of Removal | 12/23/2020 |

**EXHIBIT A**

Respectfully submitted,

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ASHLEY A. SMITH**
State Bar No. 24049385
*asmith@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CONTRACT FREIGHTERS, INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Federal Rules of Civil Procedure on this the ___23rd___ day of December, 2020.

**VIA E-FILE**
Luis F. Baez
Law Office of Maria Davilla, PLLC
P.O. Box 3726
McAllen, Texas 78502

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**

FILED
12/4/2020 2:18 PM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

CAUSE NO: CC-20-05264-E

| | | |
|---|---|---|
| **MARIA ELENA RODRIGUEZ** | § | **IN THE COUNTY COURT** |
| **RAMIREZ** | § | |
| **PLAINTIFF** | § | |
| | § | |
| **VS** | § | **AT LAW NUMBER _____** |
| | § | |
| **CONTRACT FREIGHTERS, INC.** | § | |
| **AND CARMELO CRUZ GARCIA** | § | |
| **DEFENDANTS** | § | **DALLAS COUNT, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, Plaintiff, Maria Elena Rodriguez Ramirez, complaining of Defendants Contract Freighters, Inc. and Carmelo Cruz Garcia, and for cause of action show unto the Court the following:

**I.**
**CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN**

Plaintiff seeks damages including punitive damages over $1,000,000.00, pursuant to Tex. Civ. P. 47 (c)(5).

Plaintiff intends that discovery be conducted under Discovery Level 3.

**II.**
**PARTIES AND SERVICE**

Plaintiff, Maria Elena Rodriguez Ramirez, is an individual whose address is 1600 Duncan Way, Carrollton, Texas 75006.

Defendant, Carmelo Cruz Garcia, is an individual who is a resident of Missouri, may be

1

served with process at his home at the following address: 4725 Doniphan Dr, Neosho, MO 64850, or wherever she may be found.  Service of said Defendant as described above can be affected by personally delivery.

Defendant, Contract Freighters, Inc., a Corporation doing business in Texas who may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC Lawyers INCO, 211 E 7th Street, Suite 620, Austin, Texas 78701.

### III.
### JURISDICTION AND VENUE

The subject matter in controversy exceeds the minimum jurisdictional limits of this Court. This Court has jurisdiction over the parties because Defendants are Texas residents.

Further, Plaintiff brings this suit in the county of the defendant's principal office. Therefore, venue is proper pursuant to 15.001 and 15.002(a)(3) of the Texas Civil Practice & Remedies Code.

### IV.
### FACTS

On or about July 11, 2019, Plaintiff Maria Elena Rodriguez Ramirez was operating an automobile traveling westbound on 100 block of Belt Line Rd,, Defendant was traveling eastbound on the 100 block of Southwestern Blvd, in left turn lane. Defendant failed to yield right of way turning left and struck Plaintiff.  At all times relevant, Defendant Carmelo Cruz Garcia was operating a company van traveling on Brookriver Drive behind Plaintiff.

As a result of the impact, Plaintiff sustained severe bodily injuries and incurred property damage expenses.

Defendant Carmelo Cruz Garcia, upon information and belief, was within the course and scope of her employment for Defendant Contract Freighters, Inc., at the time of the subject

crash. As such, Defendant Contract Freighters, Inc., is liable for the negligent acts and omissions of its agents, servants, and/or employees, namely Defendant Carmelo Cruz Garcia under the doctrine of *respondeat superior*. Additionally, upon information and belief, Defendant Carmelo Cruz Garcia was an incompetent driver and Defendant Contract Freighters, Inc., negligently entrusted the vehicle driven by him at the time of the subject crash.

## V.
## CAUSES OF ACTION – NEGLIGENCE AGAINST DEFENDANT CONTRACT FREIGHTERS, INC.

On or about July 11, 2019, and at all times mentioned herein, Plaintiff alleges that Defendant Contract Freighters, Inc., acting through its employee, Defendant Carmelo Cruz Garcia, who was at all times acting within the scope of his employment. Defendant Carmelo Cruz Garcia was engaged in furtherance of Defendant Contract Freighters, Inc.'s business. Because Defendant Carmelo Cruz Garcia was engaged in accomplishing a task for which he was employed and acting within the course and scope of his employment with Defendant Contract Freighters, Inc. when the crash occurred, Defendant Contract Freighters, Inc., is liable to Plaintiff under the doctrine of *respondeat superior*.

Upon information and belief, Defendant Contract Freighters, Inc., was negligent in training Defendant Carmelo Cruz Garcia; in failing to supervise Defendant Carmelo Cruz Garcia; and retaining Defendant Carmelo Cruz Garcia. Plaintiff alleges that had Defendant Contract Freighters, Inc.'s agents properly trained Defendant Carmelo Cruz Garcia this incident could have been avoided.

At all times pertinent, Defendant Contract Freighters, Inc., and any of its agents, who were acting with their scope of employment were guilty of negligent conduct towards Plaintiff by:

a.     Failing to train its employees regarding proper procedures on following distance and stopping distance;

b.     Failing to train its employees regarding the proper manner in which to cross intersections while operating its motor vehicles;

c.     Failing to trains its employees regarding the importance of adherence to official traffic control devices;

d.     Failing to supervise its agents, servants and/or employees to insure the safety of other drivers on the roadway;

e.     Failing to establish and enforce reasonable and adequate policies and/or procedures regarding driving their vehicle;

f.     Failing to establish and enforce reasonable and adequate policies and/or procedures regarding the transportation of cargo, equipment and/or machinery;

g.     Failing to reduce or eliminate the likelihood of harm which Defendant knew or should have known.

These conditions and activities existed despite the fact that Defendant Contract Freighters, Inc.'s agents knew or through the exercise of due diligence should have known of the existence of the aforementioned and that there was likelihood of a person being injured as occurred to Plaintiff.

Furthermore, Plaintiff would show the Court that had Defendant Contract Freighters, Inc., or Defendant Contract Freighters, Inc.'s agents exercised ordinary care in the maintenance and/or supervision of such activity, it would have been noticed and corrected by such persons.

Plaintiff alleges that each and every, all and singular, of the foregoing acts and/or omissions on the part of Defendant Contract Freighters, Inc., constituted negligence which was and is a direct and proximate result of Plaintiff's serious bodily injuries.

At all times material hereto, all of the agents, servants, and/or employees for Defendant Contract Freighters, Inc., who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance

of the duties of their office or employment. Therefore, Defendant Contract Freighters, Inc., is further liable for the negligent acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior*.

**VI.**
**CAUSES OF ACTION – NEGLIGENT ENTRUSTMENT**
**AGAINST DEFENDANT CONTRACT FREIGHTERS, INC.**

On July 11, 2019, Defendant Contract Freighters, Inc., was the owner of the vehicle operated by Defendant Carmelo Cruz Garcia.

Defendant Contract Freighters, Inc., entrusted the vehicle to Defendant Carmelo Cruz Garcia, a reckless and incompetent driver.

Defendant Contract Freighters, Inc., through the exercise of reasonable care should have known that Defendant Carmelo Cruz Garcia was a reckless and incompetent driver.

As described herein, Defendant Carmelo Cruz Garcia was negligent on the occasion in question.

Defendant Carmelo Cruz Garcia was the proximate cause of Plaintiff's serious bodily injuries.

**VII.**
**CAUSES OF ACTION – NEGLIGENCE AGAINST**
**DEFENDANT CARMELO CRUZ GARCIA**

Defendant Carmelo Cruz Garcia was negligent with respect to the acts and omissions described below. Defendant's negligence consisted of, but is not limited to, the following:

a. Failing to keep a proper lookout for Plaintiff's safety; Texas Transportation Code §545.401;

b. Failing to control the speed of his vehicle; Texas Transportation Code §545.351;

c. Failing to control the operation of his vehicle;

d.      Failing to avoid the incident in question;

e.      Driver inattention; Texas Transportation Code §545.401;

f.      Failing to take reasonable action in applying his vehicle's brakes;

g.      Taking faulty evasive action;

h.      Distracted driving; Texas Transportation Code §545.401;

i.      Failing to enter into the intersection only when he could have safely entered without interference or collision with other traffic; Texas Transportation Code §545.151;

j.      Failing to stop at an Official-Traffic Control Device, in violation of a red light; Texas Transportation Code §544.004; and

k.      Failing to drive as a reasonable and prudent person would have driven under the same or similar circumstances.

Each of these acts and/or omissions of Defendant Carmelo Cruz Garcia, whether taken singularly or in any combination constitutes negligence and negligence per se which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and will continue to suffer in the future.

**VIII.**
**DAMAGES FOR PLAINTIFF MARIA ELENA RODRIGUEZ RAMIREZ**

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff Maria Elena Rodriguez Ramirez was caused to suffer bodily injury, and to incur the following damages:

a.      Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the collision complained of herein and such charges are reasonable and were usual and customary charges for such services in Dallas County, Texas.

b.      Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering in the future;

6

e.      Physical impairment in the past;

f.      Physical impairment which, in all reasonable probability, will be suffered in the future;

g.      Loss of earnings in the past;
h.      Loss of earning capacity which will, in all probability, be incurred in the future;

i.      Disfigurement in the future;

j.      Mental anguish in the past;

k.      Mental anguish in the future;

l.      Cost of medical monitoring and prevention in the future;

m.      Property Damage; and

n.      Loss of Use at $35.00.

## IX.
## PLAINTIFF'S REQUEST FOR TEMPORARY RESTRAINING ORDER

Plaintiff seeks a temporary restraining order prohibiting Defendants from destroying and/or erasing any data on any cell phone, iPad, tablet, cloud account, iCloud account or other mobile device present in Defendants' vehicle on the day of the subject crash until either the device has been downloaded in a manner agreed to by Plaintiff's counsel, or until further order of the Court. Any information stored on any of the aforementioned devices or in the cloud likely contains information regarding Defendants' actions immediately prior to the collision in question. The information is necessary in order to identify other parties responsible for the Plaintiff's damages.

If Plaintiff's Application for Temporary Restraining Order is not granted, harm is imminent because the cell phone and mobile device data will be deleted.

Plaintiff further seeks a temporary restraining order prohibiting Defendants Contract Freighters, Inc., and Carmelo Cruz Garcia from:

i.   Modifying in any way the vehicles involved in the incident made the basis of this suit;

ii.   Repairing or destroying any part of the vehicles involved in the incident made the basis of this suit;

iii.   Discarding the vehicles or any part thereof;

iv.   Discarding, modifying, altering, or destroying any records regarding the driver of the vehicles, including but not limited to logs and log books, receipts, toll records, maintenance records, records of inspections, driver qualification files, driving record checks, maintenance records, brake service records, drug test results, and all other records;

v.   Discarding, modifying, altering, or destroying any records regarding the vehicles, including but not limited to repair, maintenance, inspection, lease, and title records;

vi.   Discarding, modifying, altering, deleting, or destroying any data contained in any crash data recorder or "black box," or any reports or other output created from such data.

It is probable that Plaintiff will recover in this case because Defendants were negligent in the operation of the vehicle and, as a result of such negligence, Plaintiff sustained serious bodily injuries as a result of the collision.

If Plaintiff's Application for Temporary Restraining Order is not granted, harm is imminent because the vehicle will be repaired and evidence will be lost.

The harm that will result if the Temporary Restraining Order is not issued is irreparable

because crucial evidence will be destroyed, discarded, or lost forever.

Plaintiff has no adequate remedy at law. Texas law does not recognize an independent cause of action for spoliation of evidence.

There is insufficient time to serve notice on Defendants and to hold a hearing on the application.  Plaintiff is willing to post bond if the Court deems it appropriate.

## X.
## PLAINTIFF'S REQUEST FOR TEMPORARY INJUNCTION

Plaintiff also ask the Court set this application for a hearing, and after hearing the application, issue a temporary injunction.

## XI.
## PLAINTIFF'S REQUESTS FOR DISCLOSURE TO DEFENDANTS

Defendants are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2(a)-(1) of the Texas Rules of Civil Procedure.

## XII.
## PLAINTIFF'S INTERROGATORIES
## TO DEFENDANT CARMELO CRUZ GARCIA

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Carmelo Cruz Garcia. Defendant's response is due within fifty (50) days from the date of service thereof.  Plaintiff also requests that Defendant continue to supplement Defendant's responses to these Interrogatories as provided for by the Rules.

1.    Please state the full name, address, and telephone number, date of birth, driver's license number, social security number, and occupation of the person answering these interrogatories.

**ANSWER**:

2.    State the full name, telephone number, address and your immediate supervisor for your employers for the last five (5) years. Please indicate if you have held any ownership

interest in this (these) business(es).

**ANSWER**:

3.      State whether you were acting within the course and scope of any employment, service or agency at the time of the collision, and describe the relationship of the persons involved.

**ANSWER:**

4.      State the Style, Court and Cause number of any lawsuit you have been a party to and the final disposition of said suit.

**ANSWER**:

5.      Please state any and all traffic violations you have had in the five (5) years preceding this collision. Please indicate if you have had your driving license revoked due to any of these violations and the period of time your license was revoked.

**ANSWER**:

6.      Please state whether you have had any other motor vehicle accidents in the past five (5) years. If so, please list the date and location of such accident, the parties involved and a factual description of the accident.

**ANSWER**:

7.      List all criminal arrests and/or charges against you, your predecessors, affiliates, or subsidiaries, or divisions by giving the cause number; identities of all accused; court of jurisdiction; description of criminal charges; date and place of arrest; plea made; date of trial and/or plea bargain; whether or not convicted and on what charges; time served; date of release from confinement; whether or not granted pardon or parole, and if so, date pardon granted or parole was or will be successfully completed.

**ANSWER**:

8.      State what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the 24 hour period prior to the collision.

**ANSWER**:

9.      Do you contend that any personal injuries or damages sustained by Plaintiff were caused by an occurrence other than this accident, such as a disease or physical condition, either before or after the incidents made the basis of this case?  If so, describe in detail such other occurrence, disease, injury or condition.

**ANSWER**:

10.    Do you contend that Plaintiff violated any traffic laws at the time or immediately prior to the collision?  If so, describe what you contend to be the violation or give the statute number of the violation.

**ANSWER:**

11.    If you contend that the collision in question was an "unavoidable accident," describe in detail what you believe to be the cause of the accident, to the exclusion of the conduct of Plaintiff.

**ANSWER:**

12.    If you contend that someone else's conduct or something else is the "sole proximate cause" of the accident in question, describe in detail the identity of that person, or what exactly caused the collision.

**ANSWER**

13.    State the name and address of the owner and all occupants of the vehicle which you were operating at the time of the collision.

**ANSWER**:

14.    State the make and model of the vehicle you were driving at the time of the collision.

**ANSWER:**

15.    Give the date of the last inspection of the vehicle you were driving at the time of the collision and the name of the inspection station giving the inspection and the date the inspection was given.

**ANSWER:**

16.    Please give a detailed description of exactly how the collision made the basis of the lawsuit occurred.  Please indicate in your description the speed or estimated speed that the vehicles were traveling at the time of the incident.  On the back of this sheet, please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

**ANSWER**:

17.    Please indicate the speed or estimated speed that the vehicles were traveling at the time of the incident, including your speed at the time of the impact, and if you contend you applied your brakes prior to impact, and what speed you were traveling prior to applying your brakes.

**ANSWER**:

18.     Were you cited for your involvement in the accident? If so, state:

      a)      Citation number;

      b)      Entity issuing citation;

      c)      Description of violations charged;

      d)      Court of jurisdiction;

      e)      Whether you contested the citation;

      f)      Whether a jury trial was held; and

      g)      Disposition of the citation/charges.

**ANSWER:**

19.     Did you, your insurance company, or any other individual engage in communication with Plaintiff's insurance companies with respect to the above accident and/or Plaintiff? If so, state:

      a)      Date, place and time when same was made;

      b)      Identity, employer and employer's address of the persons engaging in said communication, whether oral or written, including but not limited to email messaging;

      c)      The reason for such communication;

      d)      What was said by plaintiffs' insurer, its agents or its employees at that time, specifically identifying the person speaking; and

      e)      What was said by your insurer, its agents or its employees at that time, specifically identifying the person speaking?

**ANSWER:**

20.     Please state where you had been just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

**ANSWER:**

21.     Do you contend that there were any obstructions to visibility for any of the vehicle operators? If so, indicate what the obstructions were immediately before the collision and how the obstructions contributed to the collision in question.

**ANSWER**:

22.     Please identify (by title, author, editor, edition, publisher, date of publication, section, portion, and page) every published treatises, periodical, or pamphlet on a subject of history, medicine, or other science or art that you may offer to use in the trial of this case under Rule 803(18) of the Texas Rules of Evidence.

**ANSWER**:

23.     Do you deny that you were negligent in the incident involved herein? If so, state each and every fact upon which the denial of negligence is based.

**ANSWER**:

24.     Please provide the following information concerning all cell phones, iPads, tablets, or other mobile devices in the vehicle that you were driving at the time of the subject collision:

   a.     The phone number for each device;
   b.     The carrier for each device;
   c.     What the device was (for example, was it an iPhone 7, a Samsung Galaxy, etc.); and
   d.     Whether you were using the device at the time of the crash or the five minutes preceding the crash.

**ANSWER**:

## XIII.
## PLAINTIFF'S INTERROGATORIES TO
## DEFENDANT CONTRACT FREIGHTERS, INC.

Plaintiff, pursuant to Tex. R. Civ. Procedure 196 and 197 propounds the following Interrogatories to Defendant Contract Freighters, Inc... Defendant's response is due within fifty (50) days from the date of service thereof. Plaintiff also requests that Defendant continue to supplement his responses to these Interrogatories as provided for by the Rules.

1.     Please state, in detail, how you contend the collision in question occurred.

**ANSWER**:

13

2.      Please state the positions held, general job descriptions, and lengths of employment of Defendant Carmelo Cruz Garcia at the time of the collision in question.

**ANSWER**:

3.      Please state the full extent of any training, education, or experience concerning driving techniques or principles Defendant Carmelo Cruz Garcia has received.

**ANSWER**:

4.      Please state the name, address, and telephone number of any person who you may call to testify at trial, including but not limited to any rebuttal or impeaching witnesses who may be called at trial.

**ANSWER**:

5.      Was Defendant Carmelo Cruz Garcia acting in the course and scope of his employment with you at the time of the collision made the basis of this lawsuit? If you are contending that Defendant Carmelo Cruz Garcia was not acting in the course and scope of your employment at the time of the collision, please state exactly why you are making such contention.

**ANSWER**:

6.      If the vehicle driven by Defendant Carmelo Cruz Garcia that was involved in the collision in question was not owned by you, please state the vehicle owner's name, address and telephone number.

**ANSWER**:

7.      Please list all traffic accidents in which Defendant Carmelo Cruz Garcia has been involved, including the location, city, county, state and any violations for which he was cited in connection with any traffic accidents.

**ANSWER**:

8.      Please give a description of all traffic violations for which Defendant Carmelo Cruz Garcia has been cited, including the date, city, county, state, offense alleged and ultimate disposition of such citation.

**ANSWER**:

9.      Please state whether or not, in the one year prior to, or since, the wreck made the basis of this lawsuit there have been any repairs, changes or modifications performed upon the vehicle/semi-trailer which was involved in the incident in question. If so, please describe the full extent of any such repairs, changes or modifications, when they took place, who

performed the work and when it was done.

**ANSWER**:

10.     With respect to collisions or accidents occurring within the past ten (10) years and involving one of your vehicles and/or a driver employed by you or under contract with you, please state:

      a.     When the driver is required to make a report and to whom;

      b.     A description of any written report required to be made by you and/or the driver;

      c.     Where and in whose custody such reports are kept;

      d.     When a driver must submit for a drug test by giving a urine sample; and

      e.     When such report must be reported to the federal government.

**ANSWER**:

11.     Did Defendant Carmelo Cruz Garcia receive any citations or tickets as a result of the collision in question? If so, what was the outcome? If Defendant Carmelo Cruz Garcia paid the ticket, did Defendant Carmelo Cruz Garcia plead guilty? What court did Defendant Carmelo Cruz Garcia have to appear in or call to resolve the citation or ticket?

**ANSWER**:

12.     Do you contend that someone other than Defendant Carmelo Cruz Garcia (including but not limited to Plaintiff) did or failed to do something that contributed to the wreck made the basis of this lawsuit? If so, please state what you claim that person did or failed to do, or how the action or inaction caused or contributed to the wreck.

**ANSWER**:

13.     Please state the date on which you first subjectively believed that there was a substantial chance that litigation would arise from the wreck made the basis of this lawsuit? What facts gave rise to your subjective belief?

**ANSWER**:

14.     What does you do to review drivers' logs to determine whether they are accurate and whether they comply with the hours-of-service regulations? If you use any type of computer program or third-party service to audit logs, please identify the program or service.

**ANSWER**:

15.    Do you use any type of GPS system or other computerized device (such as OmniTRACS, Qualcomm or XATA) to monitor the movements and/or speed of its tractors and/or trailers? If so, please describe the system or device, including its name, what data is generated, where the data is stored, and how long the data is retained.

**ANSWER**:

16.    Please provide the following information concerning all cell phones, iPads, tablets, or other mobile devices issued to Defendant Carmelo Cruz Garcia  and that were in the vehicle that he was driving at the time of the subject collision:

    a.    The phone number for each device;
    b.    The carrier for each device;
    c.    What the device was (for example, was it an iPhone 7, a Samsung Galaxy, etc.); and
    d.    Whether he was using the device at the time of the crash or the five minutes preceding the crash.

**ANSWER**:

## XIV.
## **PLAINTIFF'S REQUESTS FOR PRODUCTION**
## **TO DEFENDANT CARMELO CRUZ GARCIA**

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiff requests that, within the time prescribed by law, Defendant Carmelo Cruz Garcia  produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiff requests that Defendants produce the documents at the office of Law Offices of Mario Davila, PLLC, PO Box 3726, McAllen, Texas 78502.

1.    Color copies of all photographs taken in connection with Plaintiff's cause of action in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

2.    Color copies of all photographs taken of the scene of the accident or the surrounding area of the scene of the accident in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

3.    Color copies of all photographs taken of Plaintiff which may be in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

4.      All pictures, motion pictures, movies, films, or photographic material of any kind taken of Plaintiff which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

5.      All pictures, motion pictures, movies, films, or photographic material of any kind concerning the scene, vehicles, products or the events and happenings made the basis of the lawsuit taken before, during or after the accident in question which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

6.      All written statements made by the Plaintiff and/or Defendant in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

7.      All oral statements made by Plaintiff and/or Defendant which were either recorded or taped on an electronic device or recorder which are in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

8.      A copy of all documents filed with any state, county, city, federal or governmental agency, institution or department containing information about Plaintiff, which is in the possession, constructive possession, custody or control of Defendant, Defendant's attorney or anyone acting on Defendant's behalf.

9.      All written reports of inspection, tests, writings, drawings, graphs, charts, recordings or opinions of any expert who has been used for consultation and whose work product forms a basis either in whole or in part of the opinions of an expert who is to be called as a witness. (If the discoverable factual materials have not been received or reduced to a tangible form, request is hereby made that Defendant advise Plaintiff accordingly and reduce such material to a tangible form).

10.     A curriculum vitae or resume for any consulting expert whose mental impressions or opinions have been reviewed by a testifying expert.

11.     Any and all copies of investigation documentation, reports and/or memoranda made by or submitted to Defendant, as a result of the accident which has been made the basis of Plaintiff's lawsuit.

12.     Any and all written communications, including but not limited to letters and/or memorandums, between agents, employees and/or representatives of Defendant that Defendant prepared as a result of the accident made the basis of Plaintiff's lawsuit.

13.     Copies of estimates, invoices, and/or any other written documentation which were prepared as a result of the damage to any vehicles involved in the accident made the basis of Plaintiff's lawsuit.

14.     Copies of any contracts or agreements between Defendant and any vehicle maintenance or repair services in effect on July 11, 2019.

15.     Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on Plaintiff's cause of action and may be used as demonstrative evidence at trial.

16.     If not otherwise provided, the following:

    a.    Witness statements;

    b.    Party statements;

    c.    Police report;

    d.    Photographs of scene -- laser color copies;

    e.    Photographs of vehicles -- laser color copies;

    f.    Diagrams/maps of scene;

    g.    Repair invoices/estimates;

    h.    Medical bills, records, and reports related to Plaintiff;

    i.    Wage loss records related to Plaintiff;

    j.    Any materials generated by special investigations unit related to Plaintiff;

    k.    Any surveillance materials of Plaintiff or witnesses;

    l.    Colossus dissection forms/input data;

    m.    Colossus consultation report; and

    n.    Information obtained from PIP/Med Pay insurer.

17.     All documents and things relating to any expert retained to testify, including but not limited to:

    a.    Resume/curriculum vitae;

    b.    Fee chart;

    c.    All 1099s from your attorneys firm;

      d.     All 1099s from your insurance company;

      e.     List of all cases worked on behalf of your attorneys firm;

      f.     List of all cases work on behalf of your insurance company;

      g.     List of all cases testified in; and

      h.     Entire working file -- correspondence, notes, calculations, tests, analyses, etc.

18    Copies of any investigative findings substantiating your denial of liability.

19.    Copies of any investigative findings substantiating your denial of the claim for damages.

20.    All reports prepared by any expert.

21.    As to any and all insurance policies or other contractual arrangement that may obligate an insurance company or other person, firm or corporation to provide any investigative services or defense for the defendant motor carrier or the defendant driver in this case or may be obligated to pay any portion of any judgment that may be rendered against the defendant motor carrier or the defendant driver, produce the following documents and items, to wit:

      a.     Policies with all additions and deletions;

      b.     All prior claims paid under any such policies that will be deducted from the amount for which any such insurance company may have to pay in this case;

      c.     The total amount of money for which each such insurance company would be liable for payment on behalf of the defendant motor carrier or the defendant driver;

      d.     All loss control reports made by any present or previous insurance company concerning the defendant motor carrier's operations;

      e.     The amounts of all other claims being currently made against any such insurance policies other than by this plaintiff; and

      f.     Contracts describing the obligation of any person, firm or corporation other than an insurance company to provide investigative or legal defense services for the benefit of the defendant motor carrier or defendant driver.

22.    All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Defendant Carmelo Cruz Garcia during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

23.     All Qualcomm records and data regarding any vehicle operated by Defendant Carmelo Cruz Garcia , and any communications to and from Defendant Carmelo Cruz Garcia , for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

24.     All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle operated by Defendant Carmelo Cruz Garcia  during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

25.     All monthly log summary sheets for Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

26.     All notice of logging violations for Defendant Carmelo Cruz Garcia for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

27.     The accident register for Carmelo Cruz Garcia.

28.     All safety performance history records regarding Defendant Carmelo Cruz Garcia.

29.     All driver's vehicle inspection reports completed by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

30.     All pre-trip check lists completed by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

31.     The vehicle accident kit issued to Defendant Carmelo Cruz Garcia.

32.     An exemplar blank vehicle accident kit used by Carmelo Cruz Garcia.

33.     All dispatch and trip reports regarding any vehicle operated by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

34.     All trip cost report envelopes for any vehicle operated by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

35.     All OmniTRACS data regarding any vehicle operated by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

36.     All OP-1 forms submitted by Defendant Carmelo Cruz Garcia and/or Defendant Contract Freighters, Inc., to the Federal Motor Carrier Safety Administration or DOT.

37.     Any cell phone bills that would show whether or not Defendant Carmelo Cruz Garcia was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

38.     Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

39.     All expense receipts and reports submitted by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

40.     All incident reports generated by Defendant Carmelo Cruz Garcia  or Defendant Contract Freighters, Inc. regarding the collision at issue in this lawsuit.

41.     If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Defendant Carmelo Cruz Garcia  drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Defendant Carmelo Cruz Garcia  for that time period.

42.     A copy of all documents relating to Defendant Carmelo Cruz Garcia ' usage of his personal and/or his work cellular phone (including voice calls **and** text messages) for the one year prior to the subject collision (which occurred on July 11, 2019). In responding to this request, a print-out from the cell phone provider's webpage is sufficient.

43.     A copy of all cellular phone bills for the billing cycle for the one year prior to the subject collision (which occurred on July 11, 2019) for cellular phones, iPads, tablets, or other mobile devices present in the subject motor vehicle that Carmelo Cruz Garcia  drove on July 11, 2019. In responding to this request, a print-out from the device's webpage is sufficient.

44.     All billing records and monthly statements for any phone number, device, or calling card provided by your company to Carmelo Cruz Garcia for the one year prior to the subject collision (which occurred on July 11, 2019).

45.     Produce any and all records from the tachograph or other on-board recording or GPS device or a satellite location device, such as like QualComm, for the one year prior to the subject collision (which occurred on July 11, 2019), which was in the motor vehicle driven by Carmelo Cruz Garcia  on July 11, 2019.

46.     A print-out of Defendant Carmelo Cruz Garcia' company-issued cell phone provider's webpage evidencing his *cell phone number* on July 11, 2019.

47.     A print-out of Defendant Carmelo Cruz Garcia' company-issued cell phone provider's webpage evidencing his *cell phone provider* on July 11, 2019.


## XV.
## PLAINTIFF'S REQUESTS FOR PRODUCTION
## TO DEFENDANT CONTRACT FREIGHTERS, INC.

Pursuant to Rule 196, Texas Rules of Civil Procedure, Plaintiffs request that, within the time prescribed by law, Defendant Contract Freighters, Inc., produce and permit Plaintiff to inspect and copy the documents and things described in the requests below, and as instructed below. Plaintiff requests that Defendants produce the documents at the office of the Law Offices of Mario Davila, PLLC, PO Box 3726, McAllen, Texas 78502.

1.      Any and all documents, including but not limited to invoices, repair bills or estimates, reflecting the damage to any vehicle involved in the collision in question.

2.      Color copies of any and all photographs, videotapes, or other depictions of any vehicle involved in the collision in question.

3.      Color copies of any and all photographs of the scene of the collision in question.

4.      Color copies of any and all photographs that you intend to use at trial.

5.      All correspondence and other documents sent to any expert.

6.      All correspondence and other documents received from any expert.

7.      Any and all photographs, videotapes or other depictions of Plaintiffs.

8.      Any and all photographs, videotapes or other depictions of Defendant Carmelo Cruz Garcia.

9.      Any and all witness statements.

10. Any and all statements from Plaintiff.

11. Any and all statements from any Defendant, Defendant's agents or employees relating to the incident in question.

12. Any and all documents related to Defendant Carmelo Cruz Garcia's employment with Defendant Contract Freighters, Inc.

13. Any and all documents related to the maintenance, repair, acquisition, loads, operation or travel of the vehicle involved in the collision in question. These documents should include, but are not limited to, trip sheets, fuel receipts, work orders, bills of lading, maintenance records, operations manuals, vehicle condition reports and other documents obtained regarding the vehicle.

14. Produce any and all documents regarding any unemployment claim, worker's compensation claim or any other type of claim filed by Defendant Carmelo Cruz Garcia relating to his employment with Defendant Contract Freighters, Inc.

15. Any and all pictures, drawings, photographs or videotapes in your possession or subject to your control that are relevant and material to this cause of action, including but not limited to those showing the Plaintiff, those showing any of the vehicles, or any part of the vehicles, involved in the collision in question, or those showing the location of such collision.

16. Any information relating to any conviction to be used for impeachment purposes against any party, witness, and/or person with knowledge of facts named in discovery information provided to you before trial. Please include the name of the person convicted, the offense for which he or she was convicted, the year of such conviction, the court of such conviction and the sentence involved.

17. Any written, taped or mechanically reproduced statement heretofore made of Plaintiff, Defendants, and/or Defendants' agents or employees.

18. Any records or documentation (medical or non-medical) concerning Defendant Carmelo Cruz Garcia  that would indicate whether Defendant Carmelo Cruz Garcia  was using alcohol and/or drugs (including prescription or nonprescription, legal or illegal drugs) within forty-eight (48) hours prior to the collision in question.

19. Any records or documentation (medical or non-medical) concerning Defendant Carmelo Cruz Garcia that would indicate that he had alcohol and/or drugs (including prescription or nonprescription, legal or illegal), or metabolites of alcohol and/or drugs (including prescription or nonprescription, legal or illegal) in the bloodstream or urine at the time of or the time following the collision in question.

20. Any records or documentation (medical or non-medical) that would indicate that Defendant Carmelo Cruz Garcia was a regular user of any illegal substance(s) within one (1) year preceding the collision in question.

21.   A photostatic copy of the front and back of Defendant Carmelo Cruz Garcia's current driver's license and any commercial license.

22.   A copy of any company vehicle use records for the one hundred eighty (180) days preceding and including the date of the collision in question.

23.   Any documentation concerning Defendant Carmelo Cruz Garcia involving disciplinary actions, demerits, reprimands or incidents indicating less than satisfactory job performance.

24.   All manuals, instructions, guidelines, directives, or memoranda concerning the performance or execution of the position held by Carmelo Cruz Garcia at the time of the collision in question.

25.   All records, notes, files, memoranda, or other similar documentation indicating an awareness on your part that Defendant Carmelo Cruz Garcia was an unsafe driver.

26.   All documents relating to reservation of rights or denial of coverage on the part of any insurance carrier for any of the named defendants with respect to this claim.

27.   Any written, taped, or mechanically reproduced/recorded statement, testimony or videotape of any person named in responsive discovery of any party either as someone with knowledge of relevant facts or as an expert.

28.   Any reports, memoranda, documents or materials of any type containing information concerning any type of investigation (including, but not limited to obtaining any background, credit or criminal records, photographs, videotapes, or recorded statements; surveillance, following, eavesdropping; or interviewing persons) of Plaintiff or of any persons named in responsive discovery by any party as someone with knowledge of relevant facts or as an expert that was performed by, for, or on behalf of Defendant, its insurer(s), any adjusting company, or any investigator concerning any liability or damages claim of Plaintiff as outlined in Plaintiff's latest original or amended pleadings on file that were prepared before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case.

29.   Please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that were prepared by or received by you, your agents, servants, employees, or representatives (including but not limited to insurance carriers, adjusting companies or investigators) before Defendant had a good faith belief to reasonably anticipate a substantial chance that litigation would ensue in this case which reflect the following:

   a.   Whether Plaintiff actually received or did not receive an injury as claimed in the latest original or amended pleadings on file;
   b.   The extent or duration of Plaintiff's claimed physical or mental incapacity/injury, including any restrictions or lack of restrictions;

c.      Plaintiff's physical or mental condition before or after the collision in question;

d.      The earning capacity of Plaintiff before or after the collision in question;

e.      Plaintiff's ability or inability to work before or after the date of the collision in question;

f.      Any indemnity reserve relating to the claimed injury of Plaintiff;

g.      Any investigation performed on behalf of Defendant concerning Plaintiff, including but not limited to photographs, recorded statements, videotapes, background, criminal or credit records checks, surveillance, following, eavesdropping or interviewing persons;

h.      Any advance payments made to Plaintiff;

i.      Evaluations or analyses of the character or personality of Plaintiff, or any person named in responsive discovery of any party as a person with knowledge of relevant facts or as an expert witness, or an assessment of their abilities as a witness;

j.      Evaluations or analyses of Plaintiff and Plaintiff's legal counsel, such as counsel's ability to evaluate settlement, liability, and damages, or counsel's legal experience, skills or expertise;

k.      The settlement or potential judgment of this case;

l.      Any recorded statement (written, verbal or otherwise) of any witness (factual or expert) named in discovery by any party;

m.      Whether some person, party or entity other than Defendant caused or contributed to the occurrence in question.

30.      If you contend that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue on behalf of Plaintiff prior to the date you received notice of this lawsuit, please produce all correspondence, memoranda, statements, tape recordings, transcripts of tape recordings, wire reports, investigation reports, close-out reports, summaries or any other documents, as well as any other tangible things that you contend showed an outward manifestation that would indicate that there was a substantial chance that litigation would ensue.

31.      Any reports, memoranda, documents or materials of any type which specifically indicate a date or occurrence on which you rely for any contention that you had a good faith belief to reasonably anticipate that there was a substantial chance that litigation would ensue concerning any injury or damages claimed on behalf of Plaintiff.

32.     Any insurance policies that provide, or may provide, coverage for the collision in question.

33.     Any reservation of rights letters or non-waiver agreements.

34.     Any cell phone bills that would show whether or not Defendant Carmelo Cruz Garcia was using a cell phone on the date of the wreck. This request includes, but is not limited to, cell phone bills for the day of the wreck.

35.     Provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication tracking information showing the location of the truck in the incident at issue in this lawsuit for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

36.     All expense receipts and reports submitted by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

37.     All incident reports generated by defendants regarding the collision at issue in this lawsuit.

38.     If, during the time period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck, Defendant Carmelo Cruz Garcia  drove a truck and/or trailer different than the ones at issue in this lawsuit, provide all GPS and other electronic data and records, including but not limited to all Qualcomm Satellite Communication and OmniTRACS tracking information showing the location of the truck and trailer driven by Defendant Carmelo Cruz Garcia  for that time period.

39.     Defendant Carmelo Cruz Garcia 's log books for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

40.     Defendant Contract Freighters, Inc.'s complete driver qualification files on Defendant Carmelo Cruz Garcia.

41.     All personnel files, accident files, and other files and documents that Defendant Contract Freighters, Inc. maintains or possesses regarding Defendant Carmelo Cruz Garcia.

42.     All fuel receipts, bills of lading, weigh tickets, and toll receipts for any vehicle operated by Defendant Carmelo Cruz Garcia during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

43.     All Qualcomm records and data regarding any vehicle operated by Defendant Carmelo Cruz Garcia , and any communications to and from Defendant Carmelo Cruz Garcia , for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

44.     All documents and data that shows the speed, location, ignition status, brake status, acceleration, deceleration, sudden stops, and other information regarding any vehicle

operated by Defendant Carmelo Cruz Garcia  during the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck. The scope of this request includes, but is not limited to, "black box" data, crash data recorders, OmniTRACS data, Qualcomm data, GPS data, XATA data, JETT-Track, DriveOk, FleetMatics, Fleet Management Solutions, Fleetilla, Shadow Tracker, Trimble, and any other data source.

45.    All monthly log summary sheets for Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

46.    All notice of logging violations for Defendant Carmelo Cruz Garcia for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

47.    The accident register for Defendant Contract Freighters, Inc.

48.    All safety performance history records regarding Defendant Carmelo Cruz Garcia.

49.    All driver's vehicle inspection reports completed by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

50.    All pre-trip check lists completed by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

51.    The vehicle accident kit issued to Defendant Carmelo Cruz Garcia.

52.    An exemplar blank vehicle accident kit used by Defendant Contract Freighters, Inc.

53.    All dispatch and trip reports regarding any vehicle operated by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

54.    All trip cost report envelopes for any vehicle operated by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

55.    All OmniTRACS data regarding any vehicle operated by Defendant Carmelo Cruz Garcia  for the period starting one hundred eighty (180) days before the wreck and ending fourteen (14) days after the wreck.

56.    All OP-1 forms submitted by Defendant Contract Freighters, Inc., to the Federal Motor Carrier Safety Administration or DOT.

57.    All MCS-150A forms submitted by Defendant Contract Freighters, Inc., to the Federal Motor Carrier Safety Administration or DOT.

58.    All documents submitted by Defendant Contract Freighters, Inc., to the Federal Motor Carrier Safety Administration in which Defendant Petrochem Transport, Inc, promises to comply with the Federal Motor Carrier Safety Regulations.

59.    All annual reports submitted to the Federal Motor Carrier Safety Administration or DOT pursuant to Section 369.1.

60.    A complete copy of Defendant Contract Freighters, Inc.'s accident register.

61.    All claim files and investigations done prior to the date on which Defendant Contract Freighters, Inc., was served with this lawsuit.

62.    All data, reports, and other information generated by, or stored in, Kellerscan, LogCheck, Scanware, PC Driver, and any other computer software program regarding Defendant Carmelo Cruz Garcia and his trip movements.

63.     All data, reports, and other information generated by, or stored in, Kellerscan, Log Check, Scanware, PC Driver, and any other computer software program regarding all drivers who operate out of the same terminal out of which Defendant Carmelo Cruz Garcia operates.

64.    With regard to the tractor and trailer involved in the accident in question, produce the following documents and other items for a period of one month prior to the accident through one week  after the accident unless specifically otherwise indicate:

       a.    Registration and titles;
       b.    The log books for the driver and second driver;
       c.    Trip reports;
       d.    Expense sheets;
       e.    State entry and entrance records;
       f.    Check point records;
       g.    Fuel receipts;
       h.    Bills of lading;
       i.    Toll tickets;
       j.    Fuel tax records;
       k.    Gross receipts tax records;
       l.    Federal use tax records;
       m.    State permits;
       n.    Repair orders for six months before the accident until the repairs were complete, including all parts and labor used for such repairs including all routine maintenance records;
       o.    Log books for any previous drivers of the tractor in question when it was involved in any accident other than the one in question;

p.      Log books for any previous drivers who were in the trailer(s) in question when it (or they) were involved in any accident other than the one in question;

q.      Fuel receipts for the trip;

r.      Lodging receipts for the trip;

s.      Driver's advances for each drier on the trip;

t.      Payroll records for each driver on the trip;

u.      Traffic tickets, warnings issued or any criminal charges or regulatory violations charged or filed against any driver or the defendant motor carrier;

v.      Required accident reports which must be made regardless of the possibility of litigation;

w.      Purchase order and specifications for the flatbed trailer;

x.      Tachometer;

y.      On-board computer records of time and/or speed;

z.      Dispatch records;

aa.     Contracts of hire.

65.     As to the defendant driver, produce the following documents and items:

a.      Personnel file;

b.      Record of required driving test;

c.      Record of required written test;

d.      Disciplinary action;

e.      Driver's Qualification File;

f.      Driving records

g.      Payroll records

h.      Log books for the past six months;

i.      Permits to carry gun;

j.      Records of all prior motor vehicle accidents while working for or with the defendant motor carrier.

66.     As to the defendant motor carrier's policies and programs, produce the following documents and items:

a.      Fleet Safety Program including studies and tests to determine the safety of the single, double or triple trailer configurations used by the defendant motor carrier, actions taken to assure that drivers are not violating the federal regulations relating to the maximum hours of work by drivers and that accurate logs are submitted by the drivers and accepted by the defendant motor carrier for filling as well as the continued testing of drivers for competency and substance abuse;

b.      Truck and trailer maintenance standards, including the standards for the parts used to maintain and repair equipment;

c.      Employee Assistance Program and standards for being allowed to attend;

d.      Driver standards;

e.      Mechanic standards;

f.      Dispatcher standards;

g.      Driver compensation;

29

       h.     Firing drivers.

67.    Produce the following from the defendant motor carrier's safety library or source that is regularly available to and used by the defendant motor carrier that are there on the date upon which these requests were served. Do not produce any such documents or items that were acquired on or after the date of the service of these requests. If any of the following documents were not in your library or otherwise regularly available to and used by you on the date of the service of these requests, then answer by stating that "The defendant does not have the requested document or item in its safety library or regularly available to and used by defendant motor carrier as of the date of the service of these request."

    a.    Federal Highway Administration U.S. Department of Transportation, Pub. No. FHWA-MC- 88-008, Accidents of Motor Carriers of Property 1986 (1988);

    b.    Jones & Stein, Defective Equipment and Tractor – Trailer Cash Involvement;

    c.    Regular Common Carrier Conference, 1986 Motor Carrier Safety;

    d.    Insurance Institute for Highway Safety, IIHS Facts 1989 (A. Fleming ed. July 1989);

    e.    National Highway Traffic Safety Administration U.S. Department of Transportation, Fatal Accident Reporting Sys. (1988);

    f.    National Highway Traffic Safety Administration U.S. Department of Transportation, National Accident Sampling Sys. (1990);

    g.    R. Ervin, R. Hisonger, C. McAdam, P. Farcher, 1 Influence of Size and Weight on the Stability and Control Properties of Heavy Trucks 1614, University of Michigan Transportation Research Institute, 1983;

    h.    National Highway Traffic Safety Administration U.S. Department of Transportation, State Accident Report Forms Catalog (1988);

    i.    California Department of Transportation, Longer Combination Vehicles Operational Test (1984);

    j.    Transportation Research Board, National Research Council, Providing Access for Large Trucks 97 (Special Rep. No. 223) (1989);

    k.    Transportation Research Board, National Research Council, Truck Weight Limits: Issues and Options (Special Rep. No. 225) (1990);

    l.    Office of Technology Assessment, Report of the Secretary of Transportation to the U.S. Congress, "Gearing up for Safety," Summary, 100th Congress (ref. To page 111-112);

    m.    J.J. Keller & Associates, Inc., Vehicle Sizes & Weighs Charts, Vehicle Sizes & Weights Manual (1991);

    n.    National Transportation Safety Board, 1 Safety Study: Fatigue, Alcohol, Other Drugs and Medical Factors in Fatal- To-The-Driver Heavy Truck Crashes, vi, 87 (Feb. 1990).

68.    As to any and all insurance policies or other contractual arrangement that may be obligate an insurance company or other person, firm or corporation to provide any investigative services or defense for the defendant motor carrier or the defendant driver in this case or may be obligated to pay any portion of any judgment that me be rendered against the defendant motor carrier or the defendant driver, produce the following documents and

items, to wit:

a.      Policies with all additions and deletions;
b.      All prior claims paid under any such policies that will be deducted from the amount for which any such insurance company may have to pay in this case;
c.      The total amount of money for which each such insurance company would be liable for payment on behalf of the defendant motor carrier or the defendant driver;
d.      All loss control reports made by any present or previous insurance company concerning the defendant motor carrier's operations;
e.      The amounts of all other claims being currently made against any such insurance policies other than by this plaintiff;
f.      Contracts describing the obligation of any person, firm or corporation other than an insurance company to provide investigative or legal defense services for the benefit of the defendant motor carrier or defendant driver.

69.    A copy of all documents relating to Defendant Carmelo Cruz Garcia' usage of his personal and/or his work cellular phone (including voice calls **and** text messages) for the one year prior to the subject collision (which occurred on July 11, 2019). In responding to this request, a print-out from the cell phone provider's webpage is sufficient.

70.    A copy of all cellular phone bills for the billing cycle for the one year prior to the subject collision (which occurred on July 11, 2019) for cellular phones, iPads, tablets, or other mobile devices present in the subject motor vehicle that Carmelo Cruz Garcia drove on July 11, 2019. In responding to this request, a print-out from the device's webpage is sufficient.

71.    All billing records and monthly statements for any phone number, device, or calling card provided by your company to Carmelo Cruz Garcia for the one year prior to the subject collision (which occurred on July 11, 2019).

72.    Produce any and all records from the tachograph or other on-board recording or GPS device or a satellite location device, such as like QualComm, for the one year prior to the subject collision (which occurred on July 11, 2019), which was in the motor vehicle driven by Carmelo Cruz Garcia  on July 11, 2019.

73.    A print-out of Defendant Carmelo Cruz Garcia' company-issued cell phone provider's webpage evidencing his *cell phone number* on July 11, 2019.

74.    A print-out of Defendant Carmelo Cruz Garcia' company-issued cell phone provider's webpage evidencing his *cell phone provider* on July 11, 2019.


**XVI.**
**PLAINTIFF'S REQUESTS FOR ADMISSIONS**
**TO DEFENDANT CARMELO CRUZ GARCIA**

Pursuant to Rule 198, Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Admissions to Defendant Carmelo Cruz Garcia. Defendant's response is due within fifty (50) days from the date of service thereof.

1.      That you were driving a tractor trailer with Missouri License Plates on the date of the incident made the basis of this suit.

ADMIT OR DENY: _____

2.      That the vehicle driven by you was owned by you at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

3.      That the vehicle driven by you was being operated by you with the permission of its registered owner, on the date of the car crash.

ADMIT OR DENY: _____

4.      That the vehicle driven by you was owned by you and was under the operation and control of you, acting within the course and scope of any employment, service or agency at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

5.      That the vehicle driven by you was owned by your employer and was under your operation and control, acting within the course and scope of any employment, service or agency at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

6.      That you caused the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

7.      That your actions were the sole cause of the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

8.      That no other entity contributed to cause the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

9.      That Plaintiff did not contribute to the cause of the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

10.     That the vehicle driven by you was in a dangerous or unsafe condition, to wit: the brakes in the vehicle were defective at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

11.     That the vehicle driven by you was not under your control in that the vehicle turned into the Plaintiff's vehicle.

ADMIT OR DENY: _____

12.     That you failed to maintain a proper lookout at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

13.     That you failed to keep such a distance away from the Plaintiff's vehicle so as not to cause the collision that did occur on the date of the accident.

ADMIT OR DENY: _____

14.     That you, at the time of the incident made the basis of this suit, failed to yield the right of way to Plaintiff.

ADMIT OR DENY: _____

15.     That immediately prior to impact, you failed to apply proper braking of your vehicle in an effort to avoid the collision complained of.

ADMIT OR DENY: _____

16.     That Plaintiff was injured as a result of the basis of this lawsuit.

ADMIT OR DENY: _____

17.     That you were personally served with the summons and complaint.

ADMIT OR DENY: _____

18.     That a resident of your household was personally served with the summons and complaint.

33

ADMIT OR DENY: _____

19.     That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of service of process.

ADMIT OR DENY: _____

20.     That you have no basis to assert as a defense or affirmative defense to the subject accident, insufficiency of service of process.

ADMIT OR DENY: _____

21.     That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of personal jurisdiction.

ADMIT OR DENY: _____

22.     That AIG Trucking Insurance Group provided an insurance policy covering the vehicle that you were operating at the time of the car crash.

ADMIT OR DENY: _____

23.     That AIG Trucking Insurance Group has agreed to provide insurance on your behalf for all injuries and damages sustained by Plaintiff arising out of the car crash.

ADMIT OR DENY: _____

24.     That at the time of the crash made the basis of this lawsuit you were under the influence of drugs or narcotics.

ADMIT OR DENY: _____

25.     That Plaintiff is an honest person.

ADMIT OR DENY: _____

26.     That Plaintiff is a truthful person.

ADMIT OR DENY: _____

## XVII.
## PLAINTIFF'S REQUESTS FOR ADMISSIONS
## TO DEFENDANT CONTRACT FREIGHTERS, INC.

Pursuant to Rule 198, Texas Rules of Civil Procedure, Plaintiff propounds the following Requests for Admissions to Defendant Contract Freighters, Inc... Defendant's response is due within fifty (50) days from the date of service thereof.

1.      That Defendant Carmelo Cruz Garcia was driving a tractor trailer with Missouri License Plates on the date of the incident made the basis of this suit.

ADMIT OR DENY: _____

2.      That the vehicle driven by Defendant Carmelo Cruz Garcia was owned by you at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

3.       That the vehicle driven by Defendant Carmelo Cruz Garcia was being operated by him with the permission of its registered owner, on the date of the car crash.

ADMIT OR DENY: _____

4.      That your actions, including but not limited to entrusting your vehicle to Defendant Carmelo Cruz Garcia caused the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

5.       That no other entity contributed to cause the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

6.      That Plaintiff did not contribute to the cause of the incident made the basis of this lawsuit.

ADMIT OR DENY: _____

7.      That the vehicle driven by Defendant Carmelo Cruz Garcia was in a dangerous or unsafe condition, to wit: the brakes in the vehicle were defective at the time of the incident made the basis of this suit.

ADMIT OR DENY: _____

8.      That Plaintiff was injured as a result of the collision made the basis of this lawsuit.

ADMIT OR DENY: _____

9.      That you were personally served with the summons and complaint.

ADMIT OR DENY: _____

10.     That a resident of your household was personally served with the summons and complaint.

ADMIT OR DENY: _____

11.      That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of service of process.

ADMIT OR DENY: _____

12.     That you have no basis to assert as a defense or affirmative defense to the subject accident, insufficiency of service of process.

ADMIT OR DENY: _____

13.     That you have no basis to assert as a defense or affirmative defense to the subject accident, lack of personal jurisdiction.

ADMIT OR DENY: _____

14.     That Plaintiff offered your insurance company an opportunity to settle Plaintiff's claim within your insurance policy limits.

ADMIT OR DENY: _____

15.     That AIG Trucking Insurance Group provided an insurance policy covering the vehicle that you were operating at the time of the car crash.

ADMIT OR DENY: _____

16.     That AIG Trucking Insurance Group has agreed to provide insurance on your behalf for all injuries and damages sustained by Plaintiffs arising out of the car crash.

ADMIT OR DENY: _____

17.     That your insurance company has classified Plaintiff's claims as suspicious.

ADMIT OR DENY: _____

18.     That Plaintiff is an honest person.
ADMIT OR DENY: _____

19.     That Plaintiff is a truthful person.

ADMIT OR DENY: _____

## XVIII.
## NOTICE OF INTENT TO USE DOCUMENTS PRODUCED BY DEFENDANTS IN RESPONSE TO PLAINTIFF'S WRITTEN DISCOVERY PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7

Plaintiff hereby serves notice that Plaintiff intends to use any and all documents produced by the Defendants in response to written discovery propounded to the Defendants. As such, the produced documents are self-authenticating pursuant to TRCP, Rule 193.7.

## XIX.
## PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANTS OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f)

Plaintiff hereby serves notice to Defendants, pursuant to TRCE, Rule 609(f), that Plaintiff demands timely written notice by Defendants that Defendants intend to seek admission of criminal convictions, as defined in TRCE, Rule 609(a) against any witness designated by any party as a relevant fact witness, testifying expert witness and/or any consulting expert witness whose mental impressions or opinions have been reviewed by a testifying expert witness.

## XX.
## JURY DEMAND

Plaintiff demands a trial by jury.

## XXI.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that citations be issued and Defendants be served, and upon trial on the merits the Court enter judgment for Plaintiff and against Defendants for actual and punitive damages, together with prejudgment interest, post-judgment interest, court costs, temporary restraining order, temporary injunctions and such other relief, at law or in equity to which Plaintiff may be entitled.

Respectfully submitted,

**LAW OFFICE OF MARIA DAVILA, PLLC**
**PO Box 3726**
**McAllen, Texas 78502**
**Telephone (956) 322-8997**
**Facsimile (956) 682-3550**

*By:* _____
       **LUIS F. BAEZ**
       **Texas State Bar No.: 24109606**
       **Email: BaezMDLaw@gmail.com**
       **Eservice: MDLawLitigation@gmail.com**

       **ATTORNEY FOR PLAINTIFF**

## <u>COURTESY NOTICE TO DEFENDANT</u>

**IF YOU HAD INSURANCE AT THE TIME OF THE COLLISION, PLEASE FORWARD A COPY OF THIS PETITION TO YOUR INSURANCE COMPANY AND REQUEST THAT THEY PROVIDE YOU WITH A DEFENSE.**



Mailing Address
P.O. Box 3726
McAllen, TX 78502

*tel.* (956) 682-3535
*fax.* (956) 682-3550

Physical Address
1006 Ash Ave.  Suite 1A
McAllen, TX 78501

L A W   O F F I C E S   O F

# MARIO DAVILA P.L.L.C.

## Rio Grande Valley - Dallas/Fort Worth - Houston

December 4, 2020

Honorable John F. Warren                                    *Via E-filing*
Dallas County Clerk
Dallas County Courthouse
George Allen Courts Building
600 Commerce Street, Suite 101
Dallas, Texas 75201

Re:    ***PLAINTIFF'S ORIGINAL PETITION AND REQUEST FOR CITATIONS***

*Maria Elena Rodriguez Ramirez vs Contract Freighters, Inc. and Carmelo Cruz Garcia;*
Cause No. _CC-20-05264-E_____; In the County Court at Law No. _____ of Dallas
County, Texas

Dear Mr. Warren:

    Attached please find for filing the original copy of the *Plaintiff's Original Petition and
Request for Disclosures.* Additionally, please find the filing fees attached.

    We are requesting that you issue citations for following parties:

**CONTRACT FREIGHTERS, INC.**
**CORPORATION SERVICE COMPANY D/B/A CSC LAWYERS INCO**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN, TEXAS 78701**

**CARMELO CRUZ GARCIA**
**725 DONIPHAN DR**
**NEOSHO, MO 64850**

Please email citations to **psaenzmdlaw@gmail.com.**

Thank you in advance for your assistance in this matter.

                    Very truly yours,

                    */S/Luis F. Baez*
                    LUIS F. BAEZ

LFB/ps

**THE STATE OF TEXAS**
**CITATION**
CAUSE NO. **CC-20-05264-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**CONTRACT FREIGHTERS, INC.**
**SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A**
**CSC-LAWYERS INCO.**
**211 E. 7TH STREET, SUITE 620**
**AUSTIN, TX 78701**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY. NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas 75202.

**MARIA ELENA RODRIGUEZ RAMIREZ**
*Plaintiff(s)*

**VS.**

**CONTRACT FREIGHTERS, INC.; CARMELO CRUZ GARCIA**
*Defendant(s)*

Filed in said Court on the 4th day of December, 2020a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 7th day of December, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk



By_____, Deputy
Momodou Bayo



NO OFFICER'S FEES HAVE BEEN COLLECTED BY DALLAS COUNTY CLERK

---

**ATTORNEY**
**CITATION**
**PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY. NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE,  RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

**CC-20-05264-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

MARIA ELENA RODRIGUEZ RAMIREZ,
*Plaintiff(s)*

VS.

CONTRACT FREIGHTERS, INC.; CARMELO CRUZ GARCIA, *Defendant(s)*

**SERVE:**
**CONTRACT FREIGHTERS, INC.**
**SERVE ITS REGISTERED AGENT:**
**CORPORATION SERVICE COMPANY D/B/A**
**CSC-LAWYERS INCO.**
**211 E. 7TH STREET SUITE 620**
**AUSTIN, TX 78701**

**ISSUED THIS**
**7TH DAY OF DECEMBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff

LUIS FERNANDO BAEZ
PO BOX 3726
MCALLEN, TX 78502
956-322-8997

**OFFICER'S RETURN**

CC-20-05264-E          County Court at Law No. 5

MARIA ELENA RODRIGUEZ RAMIREZ vs. CONTRACT FREIGHTERS, INC., CARMELO CRUZ GARCIA

**ADDRESS FOR SERVICE:**
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS INCO.
211 E. 7TH STREET SUITE 620
AUSTIN, TX  78701

**Fees:**

Came to hand on the _____ day of _____, 20_____, at _____ o'clock _____.m., and executed in _____ County, Texas by delivering to CONTRACT FREIGHTERS, INC. in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY. NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE,  RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION  with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

Serving Petition and Copy     $_____          _____, Officer

Total      $_____                    _____, County, Texas

By:_____, Deputy

_____, Affiant

# THE STATE OF TEXAS
# CITATION

CAUSE NO. **CC-20-05264-E**
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

**CARMELO CRUZ GARCIA**
**4725 DONIPHAN DR**
**NEOSHO, MO  64850**

"You have been sued.  You may employ an attorney.  If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY. NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION a default judgment may be taken against you."   Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas  75202.

**MARIA ELENA RODRIGUEZ RAMIREZ**
*Plaintiff(s)*

**VS.**

**CONTRACT FREIGHTERS, INC.; CARMELO CRUZ GARCIA**
*Defendant(s)*

Filed in said Court on the 4th day of December, 2020a copy of which accompanies this citation.

**WITNESS:  JOHN F. WARREN**, Clerk of the County Courts of Dallas County, Texas.  GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 7th day of December, 2020 A.D.

JOHN F. WARREN, Dallas County Clerk



By_____, Deputy
        Momodou Bayo



NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

---

**ATTORNEY**

**CITATION**

**PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY. NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE,  RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION**

**CC-20-05264-E**

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

MARIA ELENA RODRIGUEZ RAMIREZ,
*Plaintiff(s)*

**VS.**

CONTRACT FREIGHTERS, INC.;
CARMELO CRUZ GARCIA, *Defendant(s)*

**SERVE:**
**CARMELO CRUZ GARCIA**
**4725 DONIPHAN DR**
**NEOSHO MO  64850**

**ISSUED THIS**
**7TH DAY OF DECEMBER, 2020**

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff
LUIS FERNANDO BAEZ
PO BOX 3726
MCALLEN, TX  78502
956-322-8997

## OFFICER'S RETURN

CC-20-05264-E        County Court at Law No. 5

MARIA ELENA RODRIGUEZ RAMIREZ vs. CONTRACT FREIGHTERS, INC., CARMELO CRUZ GARCIA

**ADDRESS FOR SERVICE:**
4725 DONIPHAN DR
NEOSHO, MO  64850

**Fees:**

Came to hand on the _____day of _____, 20_____, at _____o'clock _____.m., and executed in _____ County, Texas by delivering to CARMELO CRUZ GARCIA in person, a true copy of this Citation together with the accompanying copy of the PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY. NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE,  RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION  with the date and service at the following times and places to-wit:

| Name | Date/Time | Place, Course and Distance from Courthouse |
|------|-----------|--------------------------------------------|
|      |           |                                            |
|      |           |                                            |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

_____

and the cause or failure to execute this process is: _____

_____

and the information received as to the whereabouts of said defendant(s) being: _____

_____

Serving Petition and Copy $_____        _____, Officer

Total      $_____                _____, County, Texas

By:_____, Deputy

_____, Affiant

FILED
12/14/2020 10:34 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

Case 3:20-cv-03711-M    Document 1-1    Filed 12/23/20    Page 46 of 57    PageID 50

# THE STATE OF TEXAS
## CITATION

CAUSE NO. CC-20-05264-E
COUNTY COURT AT LAW NO. 5
Dallas County, Texas

TO:

CONTRACT FREIGHTERS, INC.
SERVE ITS REGISTERED AGENT: CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS INCO.
211 E. 7TH STREET, SUITE 620
AUSTIN, TX 78701

"You have been sued. You may employ an attorney. If you or your Attorney do not file a WRITTEN ANSWER with the clerk who issued this citation by 10.00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and PLAINTIFF'S ORIGINAL PETITON, JURY DEMAND, WRITTEN DISCOVERY, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION a default judgment may be taken against you." Your answer should be addressed to the clerk of County Court at Law No. 5 of Dallas County, Texas at the Court House of said County, 600 Commerce Street, Suite 101, Dallas, Texas. 75202.

MARIA ELENA RODRIGUEZ RAMIREZ
*Plaintiff(s)*

VS.

CONTRACT FREIGHTERS, INC.; CARMELO CRUZ GARCIA
*Defendant(s)*

Filed in said Court on the 4th day of December, 2020a copy of which accompanies this citation.

WITNESS: JOHN F. WARREN, Clerk of the County Courts of Dallas County, Texas. GIVEN UNDER MY HAND AND SEAL OF OFFICE, at Dallas, Texas, and issued this 7th day of December. 2020 A.D.

JOHN F. WARREN, Dallas County Clerk



By _____, Deputy
Momodou Bayo



CTH: 12/9/20 at 10:05 AM

---

| ATTORNEY |
|---|
| **CITATION** |
| PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, WRITTEN DISCOVERY, NOTICE OF INTENT TO USE DOCUMENTS PURSUANT TO TEXAS RULES OF CIVIL PROCEDURE, RULE 193.7 AND PLAINTIFF'S REQUEST FOR NOTICE BY DEFENDANT OF INTENT TO SEEK ADMISSION OF CRIMINAL CONVICTIONS OF WITNESSES PURSUANT TO TEXAS RULES OF EVIDENCE, RULE 609(f) AND REQUEST FOR TEMPORARY RESTRAINING ORDER AND INJUNCTION |

CC-20-05264-E

IN THE COUNTY COURT OF DALLAS
County Court at Law No. 5
Dallas County, Texas

MARIA ELENA RODRIGUEZ RAMIREZ,
*Plaintiff(s)*

VS.

CONTRACT FREIGHTERS, INC.; CARMELO
CRUZ GARCIA, *Defendant(s)*

SERVE:
CONTRACT FREIGHTERS, INC.
SERVE ITS REGISTERED AGENT:
CORPORATION SERVICE COMPANY D/B/A
CSC-LAWYERS INCO.
211 E. 7TH STREET SUITE 620
AUSTIN, TX 78701

ISSUED THIS
7TH DAY OF DECEMBER, 2020

JOHN F. WARREN, COUNTY CLERK
BY: MOMODOU BAYO, DEPUTY

Attorney for Plaintiff
LUIS FERNANDO BAEZ
PO BOX 3726
MCALLEN, TX 78502
956-322-8997

NO OFFICER'S FEES HAVE BEEN
COLLECTED BY DALLAS COUNTY CLERK

IN THE COUNTY COURT AT LAW, NO. 5
DALLAS COUNTY, TEXAS

CAUSE NO: CC-20-05264-E

MARIA ELENA RODRIGUEZ RAMIREZ
VS
CONTRACT FREIGHTERS, INC., ET AL

## RETURN

Came to my hand:   12/9/2020   , at   10:05   o'clock   A.M.   , the following
specified documents:

- Citation
- Plaintiff's Original Petition, Jury Demand, Written Discovery, Notice of Intent to Use Documents Pursuant to Texas Rules of Civil Procedure, Rule 193.7 and Plaintiff's Request for Notice by Defendant of Intent to Seek Admission of Criminal Convictions of Witness Pursuant to Texas Rules of Evidence Rule 609(f) and Request for Temporary Restraining Order and Injunctions
- Plaintiff's Requests for Disclosures to Defendants; Plaintiff's Interrogatories to Defendant Carmelo Cruz Garcia; Plaintiff's Interrogatories to Defendant Contract Freighters Inc.; Plaintiff's Requests for Production to Defendant Carmelo Cruz Garcia; Plaintiff's Requests for Production to Defendant Contract Freighters, Inc.; Plaintiff's Requests for Admissions to Defendant Carmelo Cruz Garcia; Plaintiff's Requests for Admissions to Defendant Contract Freighters, Inc.

and executed by me on:   12/ 9 / 2020   , at   3:35   o'clock   PM   , at

211 E. 7TH STREET, SUITE 620, AUSTIN, TX 78701, within the county of TRAVIS, by delivering to CONTRACT FREIGHTERS, INC., by delivering to its registered agent, CORPORATION SERVICE COMPANY dba CSC-LAWYERS INCORPORATING SERVICE COMPANY, by delivering to  JOHN SPEIDEL  , employee/managing agent, in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

Authorized Person: KELLY MURSKI: PSC5912
Expiration Date:  10 / 31 /20 22

STATE OF TEXAS   }

## VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements and facts therein contained are within his/her personal knowledge and experience to be true and correct. Given under my hand and seal of office on this the  10th day of  December , 2020.

Dana L. McMichael
ID 24733578
My Commission Expires
April 23, 2024

Notary Public

## CAUSE NO. CC-20-05264-E

| | | |
|---|---|---|
| **MARIA ELENA RODRIGUEZ RAMIREZ,** | § | **IN THE COUNTY COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 5** |
| | § | |
| **CONTRACT FREIGHTERS, INC. and** | § | |
| **CARMELO CRUZ GARCIA,** | § | |
| **Defendants.** | | **DALLAS COUNTY, TEXAS** |

### <u>ORIGINAL ANSWER OF DEFENDANT CONTRACT FREIGHTERS, INC.</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **CONTRACT FREIGHTERS, INC.,** (hereinafter "Defendant"),

Defendant in the above-entitled and numbered cause, and makes and files this its Original

Answer, showing unto the Court as follows:

### I.

### <u>GENERAL DENIAL</u>

Subject to such stipulations and admissions as may be made hereafter, this Defendant

hereby enters a general denial as permitted by Rule 92 of the Texas Rules of Civil Procedure,

and requests that Plaintiff be required to prove by a preponderance of the evidence the charges

and allegations which she has made against this Defendant and to do so before a jury composed

of twelve (12) citizens of this County as is required by the laws and Constitution of the State of

Texas.

### II.

### <u>AFFIRMATIVE DEFENSES</u>

1.     Defendant says that at the time and on the occasion in question, Plaintiff failed to

use that degree of care and caution that would have been used by a person of ordinary prudence

**ORIGINAL ANSWER OF DEFENDANT**
**<u>CONTRACT FREIGHTERS, INC.</u> – Page 1**

under the same or similar circumstances and thereby proximately caused, or proximately contributed to cause, the occurrence in question and any allegedly resulting injuries or damages.

2.      Further answering, and in the alternative, Defendant states that Plaintiff's injuries were caused, in whole or in part, due to Plaintiff's negligence.

3.      Further answering, and in the alternative, Plaintiff may not recover any amount of damages if her percentage of responsibility is greater than 50% regardless of the theory of recovery pled.  Tex. Civ. Prac. & Rem. Code § 33.001.

4.      Further answering, and in the alternative, Defendant invokes Section 41.0105 of the Texas Civil Practices and Remedies Code and Defendant requests that to the extent Plaintiff seeks recovery of medical or healthcare expenses incurred that the evidence to provide such loss must be limited to the amount actually paid or incurred by or on behalf of the Plaintiff. Defendant further requests the Court to instruct the jury as to whether any recovery for medical or healthcare expenses sought by the Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

5.      Further answering, and in the alternative, Defendant invokes Section 18.091 of the Texas Civil Practice and Remedies Code and requests that to the extent that Plaintiff seeks recovery for loss of earnings, loss of earning capacity, loss of contributions of a pecuniary value, that the evidence to prove such loss must be presented in the form of a net loss after reduction for income tax payments or unpaid tax liability.  Defendant further requests that the Court instruct the jury as to whether any recovery for compensatory damages sought by Plaintiff is subject to federal or state income taxes.

6.      Further answering, and in the alternative, Defendant would show that Plaintiff's damages and injuries, if any, are the result, in whole or part, of some pre-existing injury,

condition or natural cause or a combination thereof, or of subsequent injuries, condition, or natural cause, and are not the result of any act or omission on the part of this Defendant. As such, Defendant affirmatively pleads the defenses of pre-existing condition and subsequent intervening event.

7.     Further answering, and in the alternative, Defendant states that Plaintiff failed to mitigate her damages and are therefore limited in recovery to which they may otherwise show herself entitled.

8.     Further answering, and in the alternative, Defendant contends Plaintiff's claims for pre-judgment interest are limited pursuant to the provisions of Section 304.102 of the Texas Finance Code.

## III.

## <u>REQUEST FOR COURT REPORTER</u>

Defendant respectfully requests that a court reporter attend all sessions in court in connection with this case and that said reporter take full notes of all testimony offered, together with any objections, rulings, and remarks of the Court and exceptions thereto and such other proceedings as may be needed or requested by Defendant.

## IV.

## <u>NOTICE OF TEXAS RULE OF CIVIL PROCEDURE 193.7</u>

Pursuant to Texas Rule of Civil Procedure 193.7, the undersigned hereby notifies all counsel of record that Defendant may introduce into evidence at the time of trial or pre-trial, those documents produced by all parties in response to requests for production and/or requests for disclosure in this matter.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be rendered, that Plaintiff take nothing by this suit and that Defendant be permitted to go hence

without delay and recover its costs in its behalf expended, and for such other and further relief, general and specific, legal and equitable, to which Defendant may be justly entitled.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ASHLEY A. SMITH**
State Bar No. 24049385
*asmith@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CONTRACT FREIGHTERS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __23rd__ day of December, 2020.

**<u>VIA E-FILE</u>**
Luis F. Baez
Law Office of Maria Davilla, PLLC
P.O. Box 3726
McAllen, Texas 78502

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**

**ORIGINAL ANSWER OF DEFENDANT**
**<u>CONTRACT FREIGHTERS, INC.</u> – Page 4**

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Renay Delozier on behalf of Randy Montgomery
Bar No. 14289700
rdelozier@drmlawyers.com
Envelope ID: 49193280
Status as of 12/23/2020 9:17 AM CST

Associated Case Party: CONTRACT FREIGHTERS, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Renay Delozier | | rdelozier@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |
| Jill Koester | | jkoester@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |
| Randy Montgomery | | Rmontgomery@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |
| Ashley Smith | | asmith@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| LUIS F.BAEZ | | MDLawLitigation@gmail.com | 12/23/2020 9:14:02 AM | SENT |
| LUIS F.BAEZ | | BaezMDLaw@gmail.com | 12/23/2020 9:14:02 AM | SENT |
| LUIS F.BAEZ | | PsaenzMDLaw@gmail.com | 12/23/2020 9:14:02 AM | SENT |

FILED
12/23/2020 9:14 AM
JOHN F. WARREN
COUNTY CLERK
DALLAS COUNTY

## CAUSE NO. CC-20-05264-E

| | | |
|---|---|---|
| **MARIA ELENA RODRIGUEZ** | § | **IN THE COUNTY COURT** |
| **RAMIREZ,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **AT LAW NO. 5** |
| | § | |
| **CONTRACT FREIGHTERS, INC. and** | § | |
| **CARMELO CRUZ GARCIA,** | § | |
| **Defendants.** | | **DALLAS COUNTY, TEXAS** |

## <u>DEFENDANT'S JURY DEMAND</u>

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, **CONTRACT FREIGHTERS, INC.** (hereinafter "Defendant"), and demands a jury trial of all issues of fact in this lawsuit.

The filing of this Jury Demand, however, is not a request that the matter be set for trial at this time or that the matter be placed on the Court's docket at this time.

Respectfully submitted,

*/s/ D. Randall Montgomery*

**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ASHLEY A. SMITH**
State Bar No. 24049385
*asmith@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas  75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT
CONTRACT FREIGHTERS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the ___23rd___ day of December, 2020.

**<u>VIA E-FILE</u>**
Luis F. Baez
Law Office of Maria Davilla, PLLC
P.O. Box 3726
McAllen, Texas 78502


*/s/ D. Randall Montgomery*
_____
**D. RANDALL MONTGOMERY**

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Renay Delozier on behalf of Randy Montgomery
Bar No. 14289700
rdelozier@drmlawyers.com
Envelope ID: 49193280
Status as of 12/23/2020 9:17 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| LUIS F.BAEZ | | MDLawLitigation@gmail.com | 12/23/2020 9:14:02 AM | SENT |
| LUIS F.BAEZ | | BaezMDLaw@gmail.com | 12/23/2020 9:14:02 AM | SENT |
| LUIS F.BAEZ | | PsaenzMDLaw@gmail.com | 12/23/2020 9:14:02 AM | SENT |

Associated Case Party: CONTRACT FREIGHTERS, INC.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|-------------------|--------|
| Renay Delozier | | rdelozier@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |
| Jill Koester | | jkoester@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |
| Randy Montgomery | | Rmontgomery@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |
| Ashley Smith | | asmith@drmlawyers.com | 12/23/2020 9:14:02 AM | SENT |

CAUSE NO. CC-20-05264-E

| | | |
|---|---|---|
| MARIA ELENA RODRIGUEZ RAMIREZ, | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 5 |
| | § | |
| CONTRACT FREIGHTERS, INC. and | § | |
| CARMELO CRUZ GARCIA, | § | |
| Defendants. | | DALLAS COUNTY, TEXAS |

## NOTICE OF FILING OF NOTICE OF REMOVAL

Please take notice that on December 23, 2020, Defendant Contract Freighters, Inc. filed a

Notice of Removal of the above-captioned action with the United States District Court for the

Northern District of Texas, Dallas Division, a copy of which is attached hereto.

Respectfully submitted,

*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**
State Bar No. 14289700
*Rmontgomery@drmlawyers.com*
**ASHLEY A. SMITH**
State Bar No. 24049385
*asmith@drmlawyers.com*
**D. RANDALL MONTGOMERY**
  **& ASSOCIATES, P.L.L.C.**
12400 Coit Road, Suite 560
Dallas, Texas 75251
(214) 292-2600
(469) 568-9323 (Facsimile)

**ATTORNEYS FOR DEFENDANT**
**CONTRACT FREIGHTERS, INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing instrument has been served upon all attorneys of record in accordance with the Texas Rules of Civil Procedure on this the __23rd__ day of December, 2020.

**<u>VIA E-FILE</u>**
Luis F. Baez
Law Office of Maria Davilla, PLLC
P.O. Box 3726
McAllen, Texas 78502


*/s/ D. Randall Montgomery*
**D. RANDALL MONTGOMERY**